**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

2:26-cv-01562-RJC

**ANGELICA SUE BOTTI**,
Appellant,

v.

**DONALD L. LAMPUS, JR.**,
Appellee.

---

On Appeal from the Order of the United States Bankruptcy Court for the Western District of Pennsylvania, entered on July 20, 2026 at Case Number 21-21934-CMB, denying Appellant's Motion to Reopen and to Obtain Relief.

---

# BRIEF OF APPELLEE DONALD L. LAMPUS, JR.

---

Submitted by:

Matthew T. Logue, Esquire
PA ID No. 87416
LOGUE LAW FIRM LLC
105 Market Street
Pittsburgh, Pennsylvania 15222
(412) 765-3800
matt@mattlogue.com

*Counsel for Appellee*

# TABLE OF CONTENTS


Table of Authorities....................iii

Statement of Jurisdiction....................1

Restatement of Issues Presented and Applicable Standards of Review....................1

Statement of the Case....................2
- The Compromise and Dismissal....................2
- The Motion to Reopen....................4

Summary of Argument....................6

Argument....................7

I. The Appeal Concerns Only the Bankruptcy Court's 2026 Order Denying Reopening and Rule 60 Relief....................7

II. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Reopening and Rule 60 Relief....................8
- A. The Rule 60(b)(2)–(3) Challenges Are Untimely....................8
- B. Appellant Fails to Show Extraordinary Circumstances Under Rule 60(b)(6)....................9
- C. The Bankruptcy Court Acted Within Its Discretion in Finding Reopening Futile....................11

III. The Contract Effectiveness Argument Does Not Establish Error....................12

IV. The Valuation and *Martin* Arguments Do Not Establish Error Under Rule 9019....................15

V. The 2022 Record and 2026 Opinion Permit Appellate Review....................18

VI. The Reopening Materials Do Not Warrant Relief When Viewed Together....................19

Conclusion....................21

Certificate of Service....................23

# TABLE OF AUTHORITIES

## CASES

*Bohus v. Beloff*, 950 F.2d 919 (3d Cir. 1991)....8, 19

*Browder v. Dir. Dep't of Corr. of Ill.*, 434 U.S. 257 (1978)....1, 7

*Budget Blinds, Inc. v. White*, 536 F.3d 244 (3d Cir. 2008)....1, 2, 10

*Butko v. Ciccozzi (In re Butko)*, 624 B.R. 338 (Bankr. W.D. Pa. 2021)....9

*Cohen v. Abramowitz*, 549 B.R. 316 (W.D. Pa. 2016)....8

*Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262 (3d Cir. 2002)....10

*Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014)....9

*Franklin Interiors v. Wall of Fame Mgmt. Co.*, 511 A.2d 761 (Pa. 1986)....13

*In re Congoleum Corp.*, 149 F.4th 318 (3d Cir. 2025)....1, 2, 11, 12

*In re ICL Holding Co.*, 802 F.3d 547 (3d Cir. 2015)....16

*In re Martin*, 91 F.3d 389 (3d Cir. 1996)....3, 7, 15, 16, 18, 19

*In re Nutraquest, Inc.*, 434 F.3d 639 (3d Cir. 2006)....15

*In re RFE Indus., Inc.*, 283 F.3d 159 (3d Cir. 2002)....15, 18, 19

*In re Slomnicki*, 243 B.R. 644 (Bankr. W.D. Pa. 2000)....10

*In re Smith*, 189 F. App'x 88 (3d Cir. 2006)....1

*In re U Lock, Inc.*, No. 25-1177, 2025 WL 3776122 (3d Cir. Dec. 30, 2025)....15, 16

*In re World Health Alternatives, Inc.*, 344 B.R. 291 (Bankr. D. Del. 2006)....16

*Reutzel v. Douglas*, 870 A.2d 787 (Pa. 2005)....13, 14

*Roberts v. Vara (In re Roberts)*, 659 B.R. 271 (Bankr. W.D. Pa. 2024)....10, 11

*Sawka v. Healtheast, Inc.*, 989 F.2d 138 (3d Cir. 1993)....9

*Sec'y U.S. Dep't of Lab. v. Nursing Home Care Mgmt. Inc.*, 128 F.4th 146 (3d Cir. 2025)....2

*Stone v. INS*, 514 U.S. 386 (1995)....1

*Stridiron v. Stridiron*, 698 F.2d 204 (3d Cir. 1983)....8, 9

*United States v. Meyers*, 484 F.2d 113 (3d Cir. 1973)....8

**STATUTES**

11 U.S.C. § 350....4, 5, 11, 18

28 U.S.C. § 158....1

28 U.S.C. § 1334....1

**RULES**

Federal Rule of Bankruptcy Procedure 5010....4

Federal Rule of Bankruptcy Procedure 8002....1, 6

Federal Rule of Bankruptcy Procedure 9019....2, 15, 16, 20

Federal Rule of Bankruptcy Procedure 9024....4, 8, 9

Federal Rule of Civil Procedure 60....*passim*

## **STATEMENT OF JURISDICTION**

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 158(a)(1) to review a final order denying a motion to reopen a bankruptcy proceeding. The denial of reopening and post-judgment relief is a final, appealable order. *See In re Smith*, 189 F. App'x 88, 89 (3d Cir. 2006). Appellant filed her notice of appeal from the July 20 denial on July 22, 2026. Notice Appeal, ECF No. 188.[1] That notice became effective on August 5, when the Bankruptcy Court denied Appellant's post-judgment motion. Fed. R. Bankr. P. 8002(b)(2); Mem. Order Den. Debtor's Timely Mot. Amend. 1 n.1, ECF No. 210.

This appeal does not constitute a timely direct appeal from the November 2022 settlement-approval order or the February 2023 dismissal order. An appeal from the denial of Rule 60 relief does not bring the underlying judgment up for plenary review. *Browder v. Dir. Dep't of Corrs. of Ill.*, 434 U.S. 257, 263 n.7 (1978); *see also Stone v. INS*, 514 U.S. 386, 401 (1995) (recognizing that a Rule 60(b) denial is appealed as a "separate final order").

## **RESTATEMENT OF ISSUES PRESENTED AND APPLICABLE STANDARDS OF REVIEW**

1. Whether the Bankruptcy Court abused its discretion in declining to reopen a case closed for nearly three years where the substantive relief sought was vacatur of 2022 and 2023 orders, the Rule 60(b)(2) and (3) challenges to those orders exceeded the one-year limit, and Appellant did not establish timely extraordinary circumstances under Rule 60(b)(6).

> *Applicable Standard of Appellate Review*: The Bankruptcy Court's legal conclusions are reviewed de novo, its factual findings for clear error, and its discretionary determinations for abuse of discretion. *In re Congoleum Corp.*, 149 F.4th 318, 327–28 (3d Cir. 2025); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

---

1. All ECF citations refer to Appellant's bankruptcy docket at No. 21-21934-CMB, unless otherwise indicated.

2. Whether Appellant's arguments concerning execution of the settlement, valuation, the 2022 Rule 9019 findings, and the cumulative post-settlement materials demonstrate reversible error.

> *Applicable Standard of Appellate Review*: The Bankruptcy Court's legal conclusions are reviewed de novo, its factual findings for clear error, and its discretionary determinations for abuse of discretion. *Congoleum*, 149 F.4th at 327–28.

A district court therefore reviews the Bankruptcy Court's legal conclusions de novo, factual findings for clear error, and decisions to reopen bankruptcy proceedings for abuse of discretion. *In re Congoleum Corp.*, 149 F.4th 318, 327 (3d Cir. 2025). Under that deferential standard, a court reviewing a bankruptcy appeal should affirm "unless there is a definite and firm conviction that the court below committed a clear error of judgment." *Id.* at 328; *see also Sec'y U.S. Dep't of Lab. v. Nursing Home Care Mgmt. Inc.*, 128 F.4th 146, 161 (3d Cir. 2025). A denial of a Rule 60(b) motion is likewise reviewed for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). A discretionary ruling may be reversed if it rests on an erroneous legal premise, a clearly erroneous factual finding, or a clear error of judgment. *Congoleum*, 149 F.4th at 328.

## STATEMENT OF THE CASE

### The Compromise and Dismissal

Appellant Angelica Sue Botti and Appellee Donald L. Lampus, Jr. were members of Gemini Beverage, LLC ("Gemini"). Mem. Op. Den. Mot. Reopen 2, ECF No. 182 [hereinafter "Mem. Op."]. During Appellant's Chapter 13 case, the parties disputed rights in Gemini, creditor claims, and liability on an SSB Bank obligation. *Id.* at 2. The parties, through counsel, jointly sought approval of a compromise. Second Mot. Approve Settlement Agreement, ECF No. 119. At a November 8, 2022 hearing, Appellant appeared by video.

Hr'g Tr. 3:13–14, Nov. 8, 2022, ECF No. 156. Her counsel explained that Appellant would pay $10,000 and transfer her asserted Gemini interest, while Appellee would withdraw claims, resolve litigation, and assume responsibility for the SSB obligation under the proposed settlement. *Id.* at 4:12–5:5. Counsel explained the value of resolving several pending or anticipated disputes and avoiding the expense and uncertainty of prolonged litigation. *Id.* at 6:11–7:25.

The court questioned the parties regarding the compromise's economic terms, disputed ownership, the SSB obligation, and Appellant's ability to perform. *Id.* at 8:9–10:24. The Chapter 13 Trustee raised concerns about the debtor's ability to make payments, given a history of non-payment, and about the interests of the other creditors. *Id.* at 4:8–16, 11:4–19. The court asked whether Appellee had guaranteed the SSB debt; Appellant personally corrected her counsel and confirmed that he did. *Id.* at 8:10–16. The court questioned the value of Appellant's claimed ninety-percent Gemini interest; her counsel described the disputed prepetition transfer of that interest, stating that later financial statements suggested that Gemini's actual value was significantly lower than the original estimate. *Id.* at 10:2–24. Counsel for Appellee explained that the intended SSB benefit was relief of Appellant's guaranty exposure and described how resolving the claims would benefit her other creditors while avoiding further litigation. *Id.* at 11:22–13:16. The court and counsel discussed the remaining payment obligations and the steps required for dismissal. *Id.* at 8:17–9:21.

After considering those positions, the court ruled that the parties had met their burden under *In re Martin*, 91 F.3d 389 (3d Cir. 1996), stating,

> I think the probability of the litigation succeeding, the likelihood of collection, the complexity of the litigation and the terms are terms that are acceptable to the Court. I think Mr. O'Keefe has clearly

> indicated why it's [a] benefit to the Botti estate to settle, and of course to Mr. Lampus.

Hr'g Tr. 14:23–15:7, Nov. 8, 2022, ECF No. 156. Appellant did not object to the settlement, and the hearing concluded. *Id.* at 14:23–15:12. The court's November 9 order approved the agreement attached to the joint motion. Order Grant Mot. Approve Settlement Agreement, ECF No. 126. Appellant requested dismissal, after which the case was dismissed on February 23, 2023, and closed on August 11, 2023. Order Dismissing Case, ECF No. 134; Docket Entry Closing Case, Aug. 11, 2023, ECF No. 142.

**The Motion to Reopen**

On February 12, 2026, Appellant moved to reopen the case under 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, seeking to vacate the approval and dismissal orders under Bankruptcy Rule 9024 and Civil Rule 60(b). Mot. Reopen Chapter 13 Case and Relief from Order Approving Settlement and Order Dismissing Case, ECF No. 146 [hereinafter "Mot. Reopen"]. She cited bank records, communications with a CPA before the settlement, two subsequent state-court dockets, proposed affidavits that had not been produced, the surrender of a notary license possibly related to a notarized document "used against her," and concerns about statements made at the settlement hearing. *Id.* at 3, 4, 8–19.

Appellee opposed reopening on grounds of futility, finality, and prejudice. Resp. Opp'n Mot. Reopen 2–3, 7, ECF No. 155. Appellee disputed the significance of the submitted bank records, observing that the circled entries appeared to identify checks payable to Appellee and his former counsel and that any claims arising from Gemini's transactions would belong to the LLC. *Id.* at 4. Appellee challenged the connection between the proffered materials and relief available in Appellant's bankruptcy case. The court

ultimately focused on whether Appellant could obtain relief from the prior orders under Rule 60, including the applicable time limits and her knowledge of the asserted deficiencies before settling. Mem. Op. 4–10, ECF No. 182.

The Bankruptcy Court held a preliminary hearing on May 20 and an evidentiary hearing on June 17, 2026. Proceeding Mem., May 20, 2026, ECF No. 176; Proceeding Mem., June 17, 2026, ECF No. 181. At the May hearing, Appellant acknowledged that she had incomplete financial records before settling, that a CPA had examined what was available "back then," and that she nonetheless agreed to settle knowing that the records were incomplete. Hr'g Tr. 8:15–9:5, May 20, 2026, ECF No. 199. The court gave her an opportunity to submit witness and exhibit lists and instructed her that she bore the burden of proof. *Id.* at 13:1–22. At the June hearing, Appellant argued her motion but initially said she did not intend to testify. Hr'g Tr. 3:13–17, June 17, 2026, ECF No. 200. She then agreed to be questioned if Appellee called her; the court found that unnecessary. *Id.* at 12:7–13:7. The court had already reviewed the materials Appellant had submitted and found that they did not change the result. *Id.* at 12:19–25; *see also* Mem. Op. 2 n.2, ECF No. 182.

The Bankruptcy Court's July 20 order denied the motion to reopen. Order. Den. Mot., ECF No. 183. The court found that the separate Rule 60(b)(2)–(3) requests for vacatur of the old orders were too late; that the alleged evidence was known, immaterial, or unsupported on the merits; and that Rule 60(b)(6) relief was unwarranted because the claims were neither extraordinary nor sought within a reasonable time. Mem. Op. 5, 10, ECF No. 182. The court also considered the length of closure, potential prejudice, and futility under § 350(b). *Id.* at 3–4. Appellant filed her notice of appeal on July 22, 2026. Notice Appeal, ECF No. 188. On July 31, Appellant filed a Motion to Amend Material Findings, Alter or

Amend the July 20, 2026 Order, and Reopen the Record for Limited Supplementation. Debtor's Timely Mot. Amend., ECF No. 204. The court denied that motion on August 5, 2026, making the notice of appeal effective as of that date. Mem. Order Den. Debtor's Timely Mot. Amend. 1 n.1, ECF. No. 210; Fed. R. Bankr. P. 8002(b).

## SUMMARY OF ARGUMENT

This appeal concerns the 2026 refusal to reopen and grant extraordinary post-judgment relief. It is not a delayed direct appeal from the 2022 approval of the compromise or 2023 dismissal order. After an evidentiary hearing, review of the proffered records, and a comprehensive assessment of Appellant's claims, the 2026 motion to reopen was denied for several procedural and substantive reasons. Specifically, the Bankruptcy Court considered whether reopening would serve a useful purpose when the requested Rule 60 relief was unavailable. The court applied the one-year limit to Appellant's separate requests to vacate final orders under Rule 60(b)(2)–(3), not to the ministerial act of reopening. It then separately considered Appellant's proffer with a potential Rule 60(b)(6) claim and found neither an extraordinary circumstance nor a reasonable explanation for the delay of nearly three years after approval of compromise and dismissal of the bankruptcy case.

Appellant's four merits arguments do not warrant reversal. First, Paragraph 10 conditions the agreement's effectiveness on execution, but does not require signatures to precede court approval. Appellant identifies no material difference between the approved text and what she signed. Further, Appellant's known objections to the payment schedule and later execution were considered within Rule 60's requirements. Second, the 2022 hearing addressed the economic basis for the compromise Appellant suggests was absent: contested ownership, substantial claims and SSB exposure, and the risks and expense of

litigation, all of which informed settlement approval. The intended SSB benefit was a considerable relief of Appellant's exposure, rather than the creation of a new guaranty by Appellee. Third, the judge explicitly invoked *Martin*, its factors, and the hearing addressed creditor interests. Fourth, the 2026 opinion considered Appellant's submissions and explained why they did not support timely post-judgment relief. Nevertheless, the CPA's pre-settlement concerns and Appellant's May 2026 admissions supported the court's findings concerning diligence, deliberate litigation choices, and delay. Mem. Op. 7 n.10, 10, ECF No. 182; Hr'g Tr. 8:15–9:8, May 20, 2026, ECF No. 199. Ultimately, Appellant failed to produce a record sufficient to warrant reopening or, on appeal, reversal. The Order should be affirmed.

## ARGUMENT

### I. The Appeal Concerns Only the Bankruptcy Court's 2026 Order Denying Reopening and Rule 60 Relief.

This appeal asks whether the Bankruptcy Court abused its discretion in denying post-judgment relief in 2026. It does not bring the 2022 compromise order up for plenary review. *See Browder*, 434 U.S. at 263 n.7. Appellant may challenge the refusal to grant Rule 60 relief on appeal but must still satisfy the requirements for that relief. Objections that could have supported a timely direct appeal do not, by themselves, supply a ground for vacatur years later. Thus, a request that this Court vacate the 2022 approval order or the 2023 dismissal order is outside the instant scope of this appeal; Appellant must first establish grounds for relief under Rule 60. If the 2026 ruling were reversed, the appropriate remedy would be remand for further proceedings on reopening and Appellant's Rule 60 requests.

## II. The Bankruptcy Court Did Not Abuse Its Discretion in Denying Reopening and Rule 60 Relief.

### A. The Rule 60(b)(2)–(3) Challenges Are Untimely.

The bankruptcy court has discretion to relieve a party from a "final order" under the circumstances enumerated in Rule 60(b). Fed. R. Bankr. P. 9024. Relief under Bankruptcy Rule 9024 and Rule 60(b) is an "extraordinary remedy." *Cohen v. Abramowitz*, 549 B.R. 316, 324 (W.D. Pa. 2016). That is why there is an important temporal requirement for such motions. A motion under Rule 60(b)(2) or (3) must be filed no more than one year after entry of the challenged order. Fed. R. Civ. P. 60(c)(1). The deadline applies to newly discovered evidence and fraud or misrepresentation. Fed. R. Civ. P. 60(b)(2)–(3). While Rule 9024(a)(1) exempts a motion to reopen from that one-year limit, it does not exempt a separate request to vacate a prior order under Rule 60(b)(2) or (3).

Previously existing bank records characterized as "newly discovered" fall under Rule 60(b)(2). The movant must show that reasonable diligence would not have uncovered the evidence earlier, *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983), and the evidence must be material to the issues involved, not cumulative, and of such a nature that it would probably change the outcome. *United States v. Meyers*, 484 F.2d 113, 116 (3d Cir. 1973). Events occurring after the original proceeding are not newly discovered evidence of facts that existed during that proceeding. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). Alleged omissions or misrepresentations by an <u>opposing party</u> fall within Rule 60(b)(3).[2] That ground requires

---

2. Rule 60(b)(3) concerns fraud, misrepresentation, or misconduct by an opposing party. Allegations concerning Appellant's own counsel therefore do not satisfy that subsection. *See, e.g.*, Mem. Op. 9–10, ECF No. 182. The court separately considered Appellant's counsel-related concerns when evaluating the asserted basis for other Rule 60 relief, such as 60(b)(6). *Id.*

a showing that the opposing party's fraud, misrepresentation, or other misconduct prevented the movant from fully and fairly presenting her case. *Stridiron*, 698 F.2d at 206–07.

Appellant sought relief under Bankruptcy Rule 9024 and Civil Rule 60(b). Mot. Reopen, ECF No. 146. The settlement-approval order was entered on November 9, 2022, and the dismissal order in February 2023. Order Grant Mot. Approve Settlement Agreement, ECF No. 126; Order Dismissing Case, ECF No. 134. Her February 2026 effort to vacate them was well beyond a year. That deadline controls the theories Appellant advances under Rule 60(b)(1)–(3) because, by now, both the 2022 settlement approval and 2023 dismissal occurred over three years ago. Mem. Op. 4–5, ECF No. 182. In any event, Appellant has not shown that the court misapplied the law to the record facts, *id.* at 4 n.3, that the bank records were material or of such a nature as to change the outcome of the settlement, or that Appellee's alleged misconduct prevented her from fully and fairly presenting her counseled decision. *Id.* at 7–9. Appellant waited nearly three years to seek relief. *Id.* at 1. Accordingly, Appellant's Rule 60(b)(1)–(3) challenges are untimely and, even if timely, would fail because the supporting materials do not establish a basis for relief.

### B. Appellant Fails to Show Extraordinary Circumstances Under Rule 60(b)(6).

Rule 60(b)(6) is reserved for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). That catchall provision covers only reasons not listed elsewhere in Rule 60(b). *See Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). The movant seeking relief under the catchall provision must show circumstances so extraordinary that enforcing the judgment would cause an extreme and unexpected hardship. *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993); *see also In re Butko*, 624 B.R. 338, 371–72 (Bankr. W.D. Pa. 2021). Courts rarely grant Rule 60(b)(6) relief from a judgment that follows deliberate, counseled litigation

choices. *Budget Blinds*, 536 F.3d at 255; *see also Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) ("[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own counseled and knowledgeable decisions") (quotations omitted); *In re Slomnicki*, 243 B.R. 644, 655 (Bankr. W.D. Pa. 2000) ("[N]either ignorance nor carelessness by a party or [her] attorney is a proper basis for Rule 60(b) relief . . ."). Although there is no one-year limitation on Rule 60(b)(6) motions, it must still be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Appellant was represented when the compromise was jointly presented, participated in the approval hearing, later proceeded under the settlement, and requested dismissal of her case. Tr. 3:13–25, 8:10–16, Nov. 8, 2022, ECF No. 156; Mem. Op. 2, 6, 10, ECF No. 182. The Bankruptcy Court acknowledged her asserted health difficulties but found that they did not explain the long delay in challenging circumstances she already knew: incomplete Gemini bank records, the CPA's recommendation, the absence of suggested affidavits, and an assertion of her own counsel's misrepresentation. Mem. Op. 7–9, ECF No. 182. Appellant did not identify any material fact that she learned only recently or could not have discovered earlier. *Id.* at 9. The court considered the finality of a settlement nearly three years old and the cost of renewed litigation to Appellee, finding that the delay was not justified and the issues raised were within Appellant's knowledge at the time of settlement. *Id.* at 10. Ultimately, the court characterized the motion as "buyer's remorse" and concluded that the *Roberts* factors weighed against reopening. *Id.*

On this record, the court acted within its discretion in finding the delay unreasonable and the circumstances unexceptional and therefore denying reopening. Revisiting the settlement years after approval and closure disturbs settled expectations and requires

Appellee to incur additional litigation expense. Mem. Op. 10, ECF No. 182. More fundamentally, Appellant knew of the asserted gaps in financial information when she agreed to settle and still moved to reopen nearly three years after dismissal. The record therefore does not establish any extraordinary circumstances sufficient to outweigh the prejudice to Appellee and the interest of finality.

### C. The Bankruptcy Court Acted Within Its Discretion in Finding Reopening Futile.

Section 350(b) allows reopening to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen is fact-specific and committed to the bankruptcy court's broad discretion. *Congoleum*, 149 F.4th at 327–29. Relevant considerations include whether the motion revisits issues resolved in a prior bankruptcy order, whether reopening will produce estate assets, whether another forum can resolve the disputes, the length of closure, diligence, and prejudice. *Id.* at 329; *In re Roberts*, 659 B.R. 271, 278–81 (Bankr. W.D. Pa. 2024). While a movant need not conclusively prove the ultimate claim at the reopening stage, they must show a prospect of obtaining the requested relief is materially greater than negligible. *Roberts*, 659 B.R. at 280–81.

The Bankruptcy Court expressly declined to select a precise measure of proof for reopening because the request was futile under any of the formulations discussed. Mem. Op. 4, ECF No. 182. While Appellant does identify the relief she seeks, Mot. Reopen 6, ECF No. 146, she identifies no viable or timely ground for that relief. Reopening would serve no useful purpose where the underlying requests were time-barred or otherwise insufficient, and the court weighed the length of closure and the expense to Appellee of renewed litigation. Mem. Op. 4–5, 10, ECF No. 182.

*Congoleum* does not compel reopening in this case. There, the movant acted approximately one month after the opposing party repudiated the protection afforded by a confirmation order, the bankruptcy court was best positioned to interpret that order, and reopening served to enforce finality. *Congoleum*, 149 F.4th at 326–29. Here, Appellant waited years and seeks to undo a settlement she jointly presented for approval. The court found that the Rule 60(b)(2) requests were untimely and the proffer did not establish extraordinary circumstances or a reasonable explanation for delay under Rule 60(b)(6). Mem. Op. 5, 9–10, ECF No. 182. A modest reopening threshold does not eliminate those requirements for the requested substantive relief but further inquiry into the same pre-settlement financial concerns would not, without a showing of an available Rule 60 ground and justified delay, cure those independent defects. Appellee nevertheless addresses the merits below.

## III. The Contract Effectiveness Argument Does Not Establish Error.

Appellant's first merits argument relies on Paragraph 10 of the settlement:

> 10. Execution in Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document; provided, however, that this Agreement shall not be effective unless and until the Parties named herein shall have executed it.

Second Mot. Approve Settlement Agreement 4, ECF No. 119-3. The agreement separately made each party's undertaking subject to court approval. *Id.* at 2. By Appellant's own chronology, Appellee signed on October 17, 2022; the Bankruptcy Court approved the settlement on November 8, 2022; and Appellant supplied an executed and notarized counterpart dated December 1, 2022. Appellant's Br., ECF No. 18 at 8, 2:26-cv-01562-RJC.

Her post-judgment motion also described signing an unnotarized copy on November 17. Debtor's Timely Mot. Amend. ¶¶ 60–63, ECF No. 204.

Nothing in the agreement requires the Bankruptcy Court's approval of the compromise only after every counterpart had been signed. By December 1, both parties had signed, and the court had approved the agreement. *Id.* While she generally identifies a contemporaneous dispute about eleven versus twelve monthly payments, no textual difference is identified between the agreement attached to the approved motion and her later executed counterpart. *Compare* Settlement Agreement, ECF No. 119-3 with Settlement Agreement, ECF No. 204-2 at 26–33. Disputes preceding execution does not establish that court approval and the later execution condition could never both be satisfied. Appellant cites no authority holding that the order of those events would render the agreement unenforceable, and she identifies no contractual text requiring signatures to precede court approval.

Two cases are used to support Appellant's theory, but neither *Franklin Interiors* nor *Reutzel* support reversal. *Franklin Interiors* recognizes that parties may expressly condition the effectiveness of a written agreement. *Franklin Interiors v. Wall of Fame Mgmt. Co.*, 511 A.2d 761, 763 (Pa. 1986). Here, the agreement neither states nor implies that court approval prior to one party's execution would preclude its effectiveness; it makes the parties' obligations subject to final approval by the bankruptcy court. *See* Second Mot. Approve Settlement Agreement, ECF No. 119-3. The Bankruptcy Court approved the compromise on November 8, 2022, and both parties had executed the agreement by December 1, 2022, thereby satisfying the express execution condition of Paragraph 10. Both conditions were satisfied, and neither provision required a particular sequence to render it enforceable.

*Reutzel* holds that an attorney cannot bind a client to a settlement without the client's express authorization. *Reutzel v. Douglas*, 870 A.2d 787, 789–90 (Pa. 2005). In *Reutzel*, the clients successfully challenged a settlement their attorney had entered without their express authorization to settle for the agreed amount. *Id.* at 789. Here, Appellant personally reviewed and executed the agreement, providing the direct assent necessary. Her subsequent execution is evidence of personal assent that was absent from the unauthorized agreement challenged in *Reutzel*. Any alleged discrepancy in her experienced counsel's representations does not, without more, negate her direct assent to the compromise. The separate SSB judgment argument likewise does not establish that her counsel lacked authority to present the compromise. As discussed below, the later striking of a confessed judgment did not adjudicate liability on the underlying obligation. Mem. Op. 8 n.12, ECF No. 182.

The contemporaneous emails warrant a more specific answer but do not change the result. Appellant describes a November 1 request to add a month, a November 7 acknowledgement that the eleven- versus twelve-month issue remained unresolved, and counsel's proposal that the firm advance the last payment subject to reimbursement. Debtor's Timely Mot. Amend. ¶¶ 46–53, ECF No. 204. Those communications bear on her authorization and payment terms and are not irrelevant merely because she later signed the compromise. Fatally, however, they were known to her before approval. Indeed, Appellant does not identify a later-discovered alteration of the approved instrument or an available Rule 60 ground excusing the years of delay. The court accordingly found that the emails supplied with reconsideration were not new evidence. Mem. Order Den. Debtor's Timely Mot. Amend. 2–3, ECF No. 210. Paragraph's 10 execution requirement does not itself convert that known dispute into timely grounds to vacate the approval order.

The hearing record supports the Bankruptcy Court's finding that the settlement was voluntary. Hr'g Tr., Nov. 8, 2022, ECF No. 156. Appellant attended, heard counsel advocate approval, personally corrected counsel on the SSB guaranty, and did not object to the settlement taking place. *Id.* at 8:10–18. Her silence at the hearing is not proof of authorization but her participation, subsequent execution, and request for dismissal provide the broader context for the court's finding. In any event, Appellant has not established a ground for relief under Rule 60. Her later account of distress and counsel's enforcement communications does not establish timely extraordinary circumstances overcoming the court's findings concerning her known objections and delay. Debtor's Timely Mot. Amend. ¶¶ 58–64, ECF No. 204; Mem. Op. 9–10, ECF No. 182. Even a disputed question of contemporaneous assent must be connected to an available ground for post-judgment relief, and she has not met that burden. The contract argument does not by itself overcome Rule 60's limits.

## IV. The Valuation and *Martin* Arguments Do Not Establish Error Under Rule 9019.

Rule 9019 authorizes approval of a compromise after notice and a hearing. The Bankruptcy Court must decide whether a settlement is fair and equitable by considering the probability of success, likely collection difficulties, litigation complexity and expense, and the paramount interest of creditors. *Martin*, 91 F.3d at 393. The court must apprise itself of the relevant facts, but it need not decide the claims being compromised or conduct a mini-trial. *In re Nutraquest, Inc.*, 434 F.3d 639, 644–45 (3d Cir. 2006); *In re RFE Indus., Inc.*, 283 F.3d 159, 164–65 (3d Cir. 2002). The Third Circuit's recent per curiam decision in *U Lock* is particularly instructive. There, the pro se appellant challenged a settlement because

valuations shifted and disputed liabilities remained unresolved. The appellate court found that Rule 9019 requires only a fair and equitable determination rather than a comprehensive resolution of every claim or factual dispute. *In re U Lock, Inc.*, No. 25-1177, 2025 WL 3776122, at *2–3 (3d Cir. Dec. 30, 2025) (per curiam) (not precedential). The court must nevertheless assess the claim's value against the settlement's benefits to the estate. *See In re ICL Holding Co.*, 802 F.3d 547, 551 (3d Cir. 2015) (citing *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr.D.Del. 2006)).

Here, Appellant argues whether the hearing provided a reliable factual basis for evaluating the exchange. The 2022 hearing supplied that basis through the rights and risks being compromised. Counsel described several existing and potential disputes and explained the costs and reduced prospects of further litigation at length. Hr'g Tr. 4:3–8:5, Nov. 8, 2022, ECF No. 156. Appellant's asserted ninety-percent interest was disputed because of a prepetition assignment, and counsel advised that later financial statements indicated a substantially lower value that the earlier estimate. *Id.* at 10:2–24. The estate's exchange thus involved both uncertain ownership and uncertain value, together with releases, claim withdrawals, and Appellee's SSB undertaking. Second Mot. Approve Settlement Agreement ¶¶ 2–5, ECF No. 119-3. The court questioned those terms and found the compromise acceptable under *Martin*. Hr'g Tr. 8:9–10:24, 14:23–15:7, Nov. 8, 2022, ECF No. 156. These representations did not conclusively establish Gemini's value but supplied a factual basis for weighing litigation against the proposed resolution.

Regarding the SSB debt, the hearing disclosed that Appellee already guaranteed the debt, so the court questioned what additional benefit his promise supplied. *Id.* at 8:9–18. Appellee's counsel clarified that Appellant would be released from her guaranty and

explained the effect of approximately $350,000 to $400,000 in SSB exposure, separate asserted claims, and litigation expense on other creditors. *Id.* at 12:9–13:16. As reflected in the compromise, paragraph 3 required Appellee to assume full liability on the SSB loan upon completion of Appellant's payments and transfer. Second Mot. Approve Settlement Agreement ¶ 3, ECF No. 119-3. That undertaking was the proposed benefit to Appellant along with several releases of state court claims and an adversary proceeding. *Id.*, Recitals C & D. Appellant's later questions about default, cure, loan administration, or lender approval neither establish that the consideration had a different value, nor do they show how those matters establish a timely Rule 60 ground to vacate. The SSB component illustrates the type of unresolved issue that settlements routinely resolve. The later striking of the confessed judgment did not establish the absence of liability on the underlying debt. Mem. Op. 8 n.12, ECF No. 182.

Appellant's CPA materials likewise identify a pre-settlement concern rather than a new valuation. The May 2022 email questioned the financial information and use of company funds for legal fees over six months before approval. Mem. Op. 7 n.10, ECF No. 182. Ultimately, Appellant has not identified a later-discovered material fact showing that the exchange rested on a false economic premise. The disputed ownership, claims, debt exposure, releases, and litigations risks as discussed in the November 2022 hearing and explicitly referenced in the agreement provide the basis for the compromise. The court needed only to reasonably conclude that a global resolution serves the estate better than continued litigation and that the terms were fair and equitable. It did so here. Any disagreement with the weight assigned to those considerations in determining whether to reopen the bankruptcy and revisit the compromise is not clear error.

**V. <u>The 2022 Record and 2026 Opinion Permit Appellate Review.</u>**

In her third issue, Appellant argues that the November 2022 oral ruling did not explain each *Martin* factor in detail. Appellant's Br., ECF No. 18 at 13–15, 2:26-cv-01562-RJC. The argument seeks direct review of the settlement order long after the appeal deadline. The question here is whether the Bankruptcy Court abused its discretion in 2026 when it denied extraordinary relief from that final order.

At the approval hearing, the Bankruptcy Court expressly referred to the probability of success, the likelihood of collection, the complexity and expense of litigation, and the acceptability of the terms. Hr'g Tr. 14:23–15:7, Nov. 8, 2022, ECF No. 156. The rest of the hearing supplied a comprehensive factual context: counsel described the pending disputes, comparative business value, SSB exposure, settlement payments, and the benefits of a global resolution. *Id.* at 6:11–8:5, 10:2–24, 12:9–13:6. A court may state findings orally, and the relevant question presented is whether the record shows that it applied the correct framework. The record shows that it did.

The 2026 opinion addressed the reopening request in detail. Mem. Op., ECF No. 182. The court set out the § 350 and Rule 60 standards, described the original hearing, identified what Appellant knew before settlement, and addressed each category of asserted new evidence. *Id*. The court found the Rule 60(b)(2)–(3) requests time-barred and the proffered materials not new, immaterial, or unsupported; it also found unreasonable delay and prejudice. *Id.* Those findings explain the path to the ruling under review.

Appellant cites *RFE Industries* in support of vacatur. *In re RFE Indus., Inc.*, 283 F.3d 159 (3d Cir. 2002). Even then, the *RFE* court vacated the denial of a settlement approval order and remanded because the bankruptcy court failed to conduct any analysis whatsoever

under the *Martin* framework. *Id.* at 165 (holding that (1) debtor's failure to waive its objection to settlement and (2) dismissal of bankruptcy were insufficient grounds for disapproval because neither addressed the settlement's fairness, reasonableness, or adequacy under *Martin*). Here, the court expressly invoked three *Martin* factors and found that the terms benefited the estate in its 2022 approval. Hr'g Tr. 14:23–15:7, Nov. 8, 2022, ECF No. 156. The fourth factor (creditor interests) was addressed in counsel's explanations and the court's questions, including the effect of claims and SSB exposure on the remaining creditors. *Id.* at 6:1–10, 7:21–8:5, 12:16–13:16. The court then independently analyzed the requirements for reopening and Rule 60 relief in its 2026 opinion. Mem. Op. 3–10, ECF No. 182.

Even assuming, arguendo, that the 2022 explanation could have been fuller, any shortcomings do not overcome the 2026 opinion's independent Rule 60 holdings. The one-year bar, lack of extraordinary circumstances, unreasonable delay, and prejudice to Appellee do not turn on a specific dollar valuation, a lengthier original ruling, or an exhaustive recitation of every fact weighing for or against approval of the settlement. Appellant has not shown how fuller retrospective findings would overcome those independent grounds, so the order should be affirmed.

## VI. **The Reopening Materials Do Not Warrant Relief When Viewed Together.**

To obtain relief under Rule 60(b)(2), a movant must present evidence that existed at the time of the proceeding, could not have been discovered earlier with reasonable diligence, is material rather than cumulative or merely impeaching, and probably would have changed the result. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

Appellant's financial materials do not satisfy that standard, even before the one-year bar is applied. Appellant identifies transactions that she wishes to trace, but she does not

connect any quantified transaction to her interest's net value or show how further accounting would probably have changed approval of the compromise. The court did not treat awareness of incomplete records as awareness of every entry, instead relying on the CPA's pre-settlement concerns, Mem. Op. 7 n.10, ECF No. 182, Appellant's acknowledgment that she proceeded despite the gaps, Hr'g Tr. 8:15–9:8, May 20, 2026, ECF No. 199, and the absence of a demonstrated material new fact supporting relief. Under a Rule 60(b)(3) theory, Appellant has not shown that any alleged misconduct by Appellee concerning the proffered financial materials prevented her from fully and fairly presenting her position in the settlement approval proceedings. Nor do those materials establish that the compromise approved under Rule 9019 fell outside the range of reasonableness.

Her state-court and SSB materials have similar limits. The existence and risk of SSB litigation were discussed at the 2022 hearing. Hr'g Tr. 4:12–5:5, Nov. 8, 2022, ECF No. 156. The subsequent striking of an SSB confessed judgment is a later event, not newly discovered evidence of a preexisting fact; the striking order does not adjudicate liability on the underlying debt. Mem. Op. 8 n.12, ECF No. 182. The August 5 Order expressly rejected the suggestion that the court had conflated the two judgment dockets. Mem. Order Den. Debtor's Timely Mot. Amend 3 n.5, ECF No. 210. Appellant's proposed investigation into default, ownership-transfer conditions, lender consent, and post-default payments may illuminate underlying disputes, but the settlement expressly addressed the identified SSB judgment and the parties' debt obligations. Second Mot. Approve Settlement Agreement, ECF No. 119-3, recital H & ¶ 3. Appellant has not connected the later procedural ruling to an available Rule 60 ground, and the court explained why the two state-court dockets did not alter its analysis. Mem. Order Den. Debtor's Timely Mot. Amend. 3 n.5, ECF No. 210.

The remaining matters likewise do not provide an independent basis for relief. The court found that the suggested affidavits were not shown to exist and the later surrender of a notary's commission was not shown to be tied to a material settlement instrument or invalid signature relating to the compromise. Mem. Op. 8–9, ECF No. 182. The court considered Appellant's health circumstances when assessing delay but found that they did not explain such a delay in moving to reopen. *Id.* at 10.

Viewed together, Appellant's materials consist of facts known before settlement, later procedural developments, unsupported allegations, and assertions that are not linked to an available Rule 60 remedy. Considering the materials cumulatively does not change the date on which Appellant knew of the central financial issues subject to compromise, undo the one-year limit, or establish extraordinary circumstances. The Bankruptcy Court applied those independent principles and reasonably concluded that reopening would not accord effective relief. The Bankruptcy Court carefully considered Appellant's submissions and acted within its discretion in denying extraordinary relief. Ultimately, Appellant has not provided a record sufficient to establish that reopening was warranted or that the bankruptcy court committed reversible error. The order should therefore be affirmed.

## **CONCLUSION**

For the foregoing reasons, Appellee respectfully requests that this Court affirm the Bankruptcy Court's July 20, 2026 order denying Appellant's motion to reopen and for relief from the prior orders.

Respectfully submitted,

LOGUE LAW FIRM LLC

By: */s/ Matthew T. Logue*
Matthew T. Logue, Esquire
Pa. ID No. 87416
matt@mattlogue.com

200 First Avenue, Third Floor
Pittsburgh, PA 15222-1512
(412) 765-3800

*Counsel for Appellee*

Date: October 13, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>ANGELICA SUE BOTTI,<br><br>Debtor. | Civil Action No. 2:26-cv-01562-RJC<br><br>Bankruptcy No.: 21-21934-CMB<br><br>Hon. Robert J. Colville<br>United States District Judge |
| ANGELICA SUE BOTTI,<br><br>Appellant,<br><br>v.<br><br>DONALD L. LAMPUS, JR.<br><br>Appellee. | **ELECTRONICALLY FILED** |

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that a copy of the foregoing brief was served on the counsel and parties listed below via the Court's CM/ECF system.

Michael C. Mazack, Esquire
Brenlove & Fuller, LLC
401 Washington Avenue
Bridgeville, PA 15017
mmazack@brenlovefuller.com
*Counsel of Record for Debtor*

Ronda J. Winnecour, Esquire
U.S. Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA 15219
inquiries@chapter13trusteewdpa.com
*Chapter 13 Trustee*

Angelica Sue Botti
132 Harrison Avenue
Robinson, PA 15949
botti3414@msn.com
*Debtor Appearing Pro Se*

J. Michael McCague, Esquire
Griffith, McCague & Happel, PC
408 Cedar Avenue
Pittsburgh, PA 15212
jmm@gmwpclaw.com
*Counsel for Creditor SSB Bank*

Date: October 13, 2026

*/s/ Matthew T. Logue*
Matthew T. Logue, Esquire
*Counsel for Appellee Donald L. Lampus, Jr.*